IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**CHARLES DANIEL REED**                                                         **PLAINTIFF**

**V.**                                                                        **NO. 1:15CV00197-JMV**

**CAROLYN W. COLVIN,**
**Acting Commissioner of**
**Social Security Administration**                                      **DEFENDANT**

## FINAL JUDGMENT

This cause is before the court on Plaintiff's complaint for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration denying claims for a period of disability and Disability Insurance Benefits and Supplemental Security Income Benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The court, having reviewed the administrative record, the briefs of the parties, and the applicable law and having heard oral argument, finds as follows, to-wit:

Consistent with the court's ruling from the bench during oral argument, the court finds the ALJ's residual functional capacity ("RFC") determination is not supported by substantial evidence in the record with regard to certain non-exertional limitations. First, there is no substantial evidence in the record to support a limitation of as much as "frequent contact with the public, co-workers and supervisors," frequent meaning (per the ALJ) "uninhibited frequently," *see* Tr. 65. Moreover, the evidence relied upon by the ALJ, *see* Tr. 20, does not support his finding of an ability to interact with people frequently on a sustained basis. Second, there is no substantial evidence to support the ALJ's finding that Plaintiff would be "off task" only "less than 10 percent" of the workday. Plaintiff's uncontradicted testimony

regarding the need for restroom breaks, each with a duration of up to 30 minutes, would present him "off task" *over* 10 percent of the workday with only 2 unscheduled restroom breaks.

On remand, the ALJ shall obtain the assistance of medical experts to assist with reconsideration of the claimant's RFC.  Specifically, the ALJ shall have a medical advisor review the entirety of the medical evidence of record and thereafter render an opinion regarding the claimant's RFC (function-by-function) for the relevant period, which assessment should include, but not be limited to, an assessment regarding the effect of pain and other symptoms on the claimant's ability to concentrate during the relevant period.  The ALJ shall also either re-contact Dr. Raymond Overstreet *and* Dr. James Lane for the provision of mental functional capacity assessments or consult a medical advisor, who shall review the entirety of the medical evidence of record and thereafter render an opinion regarding the claimant's mental RFC.  Any mental functional capacity assessment provided must include specific assessments of the claimant's ability to perform mental activities required for work (skilled to unskilled) on a sustained basis (i.e., 8 hours a day, 5 days a week).  The ALJ shall then reconsider the claimant's RFC based on all the relevant evidence in the record.  The ALJ may conduct any additional proceedings that are not inconsistent with this order.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that this case is **REVERSED** and **REMANDED** for further proceedings.

This, the 22nd day of June, 2016.

/s/ Jane M. Virden
U. S. MAGISTRATE JUDGE
